```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
STRIKE 3 HOLDINGS, LLC,                                          :
                                                                 :
                              Plaintiff,                         :
                                                                 :      21-cv-08233 (LJL)
              -v-                                                :
                                                                 :      OPINION & ORDER
JOHN DOE subscriber assigned IP address                          :
68.129.224.89,                                                   :
                                                                 :
                              Defendant.                         :
                                                                 X
-----------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") moves *ex parte* for leave to serve a third-party subpoena on Verizon Fios, Defendant John Doe's ("Defendant's") internet service provider, pursuant to Federal Rule of Civil Procedure 26(d)(1). Plaintiff seeks to ascertain the identity of John Doe, who, it asserts, illegally distributed its copyrighted content. For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

Strike 3 is an owner of adult films, which are distributed through its various adult websites and DVDs. Dkt. No. 1 ("Compl.") ¶ 2-3. Strike 3 alleges that John Doe is illegally downloading and distributing dozens of Strike 3's films through the BitTorrent protocol, a system designed to facilitate the sharing of large files among internet users. *Id.* ¶¶ 4, 20. Strike 3 has identified John Doe's IP address, but his identity otherwise remains unknown. *Id.* ¶ 5. Strike 3 therefore moves for leave to file a pre-Rule 26(f)-conference third-party subpoena on Verizon Fios, John Doe's internet service provider, in order to "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." Dkt. No. 7 at 1.

In support of its motion, Strike 3 submitted declarations of: (1) its Chief Technology Officer, David Williamson, detailing the infringement detection system that Strike 3 owns and uses to identify the IP addresses used by individuals distributing Plaintiff's movies through the BitTorrent protocol, Dkt. No. 7-1; (2) Patrick Paige, who was hired by Strike 3 to analyze and retain forensic evidence captured by its infringement detection system, concluding that John Doe's identified IP address transmitted, through the BitTorrent protocol, data allegedly reflecting Strike 3's infringed work and asserting that Verizon Fios is the only entity able to identify John Doe, Dkt. No. 7-2, *see also* Compl. at Ex. A; and (3) Susan B. Stalzer, an employee of Strike 3, explaining that each "infringing file" was "identical, strikingly similar, or substantially similar to the original work" owned by Strike 3 and confirming that Verizon Fios owned Defendant's IP address at the time of the instant infringements, Dkt. No. 7-3.

## DISCUSSION

Under Rule 26(d)(1), a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . .by court order." In determining whether a party may be allowed to engage in discovery before a Rule 26(f) conference, a court "appl[ies] a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (internal quotation marks omitted). Five principal factors guide the "good cause" inquiry":

> (1) the plaintiffs [sic] ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy.

*Id.* at 521 (citing *Arista Records, LLC v., Doe 3*, 604 F.3d 110,118-19 (2d Cir. 2010) (applying factors in context of Rule 45 motion to quash subpoena)). Plaintiff has shown that these factors weigh in favor of granting it leave to serve a third-party subpoena on Verizon Fios.

First, Strike 3 has made a *prima facie* showing of copyright infringement. In order to make a *prima facie* case, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has alleged that it owns a valid copyright in the videos at issue in this case, and it has supported these allegations with detailed copyright information for each work. *See* Compl. at ¶¶40, 45, Ex. A; Dkt. No. 7-1 at ¶ 13. As for the second element, the distribution of copyrighted material through a file-sharing service qualifies as copyright infringement. *See Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004) (Chin, J.) ("[T]he use of [peer-to-peer] systems to download and distribute copyrighted music has been held to constitute copyright infringement."). Plaintiff has alleged that John Doe transmitted its works through file sharing, and it has submitted declarations and forensic evidence supporting this allegation. *See* Compl. at ¶ 40; Dkt. Nos. 7-1, 7-2, 7-3. Plaintiff has therefore made out a *prima facie* case of copyright infringement.

Second, Plaintiff's discovery request is sufficiently specific, as it is limited to the name and address of the subscriber associated with Defendant's IP address. Various courts, including this one, have described this information as "highly specific" and determined that it is "sufficiently specific" "to advance Plaintiff to the service of process stage." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *3 (S.D.N.Y. Oct. 9, 2019) (internal quotation marks and emphasis omitted); *see also Strike 3 Holdings, LLC v. Doe*, 2021 WL 1910590, at *2 (S.D.N.Y. May 12, 2021); *see Malibu Media, LLC v. Doe No. 4*, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012); *cf. John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. Sept. 19, 2012) (explaining that specificity of request, which sought the name and address of the

subscriber associated with an IP address, was sufficiently specific to weigh against granting a motion to quash a subpoena).

Third, Strike 3 has explained that it does not have an "alternative means" to uncover the Defendant's true identity. It argues that "[t]he only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's [internet service provider]," Dkt. No. 7 at 7, and it submitted a declaration supporting this contention. *See* Dkt. No. 7-2 at 5 ("Based on my experience in similar cases, Defendant's ISP Verizon Fios is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 68.129.224.489 during the time of the alleged infringement."). Thus, Strike 3 has adequately demonstrated, for the purposes of this motion, that it cannot obtain Defendant's identity through alternative means. *See Strike 3 Holdings, LLC*, 2021 WL 1910590, at *2.

Fourth, the information requested is necessary to advance the claim. "Ascertaining the identities and residences of . . . Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music*, 326 F. Supp. 2d at 566.

The fifth and final factor considers whether the subpoena should be granted in light of the Defendant's expectation of privacy. Courts in this circuit have explained that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (quoting *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)). Strike 3's interest in learning Defendant's identity in order to effectuate service and allow the case to continue outweighs this minimal privacy interest.

These factors therefore weigh in favor of granting Plaintiff's motion. In cases involving the distribution of adult content, however, courts have regularly concluded that a protective order should issue in connection with the requested subpoena "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings, LLC*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)). And Strike 3 encourages the Court to establish procedural safeguards through a protective order. Dkt. No. 7 at 9. Accordingly, and because the Court concludes there is good cause to do so, the Court will direct Verizon Fios to serve Defendant a copy of the subpoena and will further provide Defendant 60 days from the date of service of the subpoena on him to file any motions with this Court contesting the subpoena. The Defendant will also have 60 days from the date of service of the subpoena to request to proceed anonymously. This procedure strikes the appropriate balance between Plaintiff's rights and Defendant's privacy interests.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. The Court will issue a protective order in connection with the subpoena.

Accordingly, IT IS HEREBY ORDERED that Strike 3 may serve a Rule 45 subpoena on Verizon Fios, the internet service provider identified in its motion, to obtain information to identify John Doe, specifically his or her true name and current and permanent address. Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number. The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

IT IS FURTHER ORDERED that Verizon Fios will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant." Verizon Fios may serve John Doe

using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe will have 60 days from the date of service of the subpoena to file any motions with the Court contesting the subpoena (including a motion to quash or modify the subpoena, as well as any request to litigate the subpoena anonymously). If he or she decides to contest the subpoena, he or she shall at the same time notify Verizon Fios so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions.

IT IS FURTHER ORDERED that if neither John Doe nor Verizon Fios contests the subpoena within the 60-day period, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Strike 3 and that any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to close Dkt. No. 6.

SO ORDERED.

Dated: October 12, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, 1:21-cv-08233-LJL, a case now pending before the Honorable Lewis J. Liman, United States District Judge for the Southern District of New York.

2. Attached is Judge Liman's Order, dated October 12, 2021, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed

*pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, NY 10007 and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you more to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court.  This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.